# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FRANCESCA COLELLA and )
SHENOUDA ROFAEIL, )
                 )
            Plaintiffs, )
                 )
                 ) C.A. No. N17C-11-195 FWW
     v. )
                 )
GGP, INC., CHRISTIANA MALL, LLC, )
UNIVERSAL PROTECTION SERVICES, )
LLC, CHARLEY'S PHILLY STEAKS, )
CHARLEY'S GRILLED SUBS, )
CHARLEY'S STEAKERY, INC., GOSH )
ENTERPRISES, INC., POPE SENOUDA )
AND EVA HEDRA, LLC, AMGAD )
ATTALLA, SEIFEDDINE GMAR, JADA )
COVERDALE, and CARDELL TALTON, )
                 )
           Defendants. )

Submitted: May 24, 2019
Decided: August 23, 2019

*Upon Defendant Universal Protection Service, LLC's Motion to Dismiss*
**DENIED**

## ORDER

James J. Meehan, III, Esquire, Shelsby & Leoni, 221 Main Street, Wilmington, DE 19804, Attorney for Plaintiffs Francesca Colella and Shenouda Rofaeil.

Michael J. Logullo, Esquire, Laura Bower Braunsberg, Esquire, Rawle & Henderson LLP, 300 Delaware Avenue, Suite 1120, P.O. Box 588, Wilmington, DE 19899, Attorneys for Defendant, Universal Protection Services, LLC.

Thomas J. Gerard, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, 1007 N. Orange St, Suite 600, P.O. Box 8888, Wilmington, DE 19899, Attorney for Defendants Charley's Philly Steaks, Charley's Grilled Subs, Charley's Steakery, Inc., Gosh Enterprises, Inc. Pope Shenouda and Eva Hedra, LLC, and Amgad Attalla.

Richard Abrams, Esquire, Timothy Rohs, Esquire, Mintzer, Sarowitz, Zeris, Ledva & Meyers, Citizens Bank Center, 919 North Market St., Suite 200, Wilmington, DE 19801, Attorneys for Defendants GGP, Inc. and Christiana Mall, LLC.

Seifeddine Gmar, *pro se,* 4525 Emerson Park Drive, #18-B-113, Orlando, FL 32839.

**WHARTON, J.**

2

This 23rd day of August, 2019, upon consideration of the Motion to Dismiss of Defendant Universal Protection Service, LLC ("UPS"); and the Response of Defendants Charley's Philly Steaks, Charley's Grilled Subs, Charley's Steakery Inc., Gosh Enterprises, Inc., Pope Shenouda and Eva Hedra, LLC and Amgad Attalla (collectively "Charley's"), and the record in this case, it appears to the Court that:

(1)     Plaintiffs Francesca Colella and Shenouda Rofael brought this action for personal injuries, claiming negligence against all Defendants.[1]  The Amended Complaint alleges personal injuries related to a November 21, 2015 altercation between Plaintiffs and various Defendants in the parking lot of the Christiana Mall.[2] Defendant UPS was responsible for providing security for the mall parking lot.[3] Charley's answered, denying negligence, asserting various affirmative defenses, and cross claiming for contribution and indemnification against each codefendant.[4]

(2)     On August 14, 2018, UPS reached a settlement with Plaintiffs on behalf of itself and Codefendants GGP, Inc. and Christiana Mall, LLC.[5]  Subsequently, those parties executed confidential joint tortfeasor releases.[6]  UPS has refused to provide Charley's with the joint tortfeasor agreement, and Charley's did not sign

---

[1] Amend. Compl., D.I. 22.
[2] *Id.*
[3] *Id.*
[4] Charley's Ans., D.I. 31.
[5] Def's. Mot. to Dismiss, at 2, D.I. 69.
[6] *Id.*

onto the settlement.[7] On May 1, 2019, UPS moved to dismiss itself from the lawsuit, as well as the cross-claims for defense and indemnification asserted by Codefendants GGP, Inc. and Christiana Mall, LLC.[8] UPS argues that, although not all parties will agree to a stipulation of dismissal, there is no prejudice to Charley's, and its motion should be granted.[9] UPS contends that when the defendant's right to setoff damages is preserved after one joint tortfeasor is released from litigation, that defendant's interests will not be prejudiced by their codefendant's dismissal.[10]

(3)　On May 24, 2019, Charley's answered opposing UPS's Motion to Dismiss.[11] Charley's contends that because Plaintiffs continue to pursue claims against Charley's, and UPS is vital to its defense of joint liability, UPS cannot be dismissed from the suit.[12]

(5)　Delaware Courts have long recognized that settling defendants must remain in the case to enable a codefendant to pursue its claim for contribution.[13] In

---

[7] Def's. Resp. Mot. to Dismiss, at 2, D.I. 74.
[8] Def's. Mot. to Dismiss, at 3, D.I. 69.
[9] *Id.*
[10] Def's. Mot. to Dismiss, at 3, D.I. 69.
[11] Def's. Resp. Mot. to Dismiss, at 1, D.I. 74.
[12] *Id.* at 2.
[13] *See Medical Ctr. v. Mulllins*, 637 A.2d 6 (Del. 1994); *Bordley v. Delaware Transit Corp.*, 2016 WL 2727136, at *1 (Del. Super.); *Roca v. Riley*, 2008 WL 1724259, at *3 (Del. Super.) (holding that even though a defendant secured a release, it must remain a party to enable a codefendant to pursue its claim for contribution).

*Medical Ctr. v. Mulllins*,[14] a medical negligence case, Dr. Vakili, one of the defendant physicians, reached a settlement agreement with the plaintiffs prior to trial.[15] The Delaware Supreme Court held, "notwithstanding his pretrial settlement with the [Plaintiff], Dr. Vakili remained a party throughout trial to enable the Medical Center to prosecute its cross-claim against him for contribution."[16] In a similar case, *Bordley v. Delaware Transit Corp.*,[17] this Court held that a "settling party need not be present at trial but should remain on the record until their status is finally determined."[18] As was the case in *Mullins*, here the status of codefendants as joint tortfeasors must be judicially determined.[19] UPS asserts cross-claims against Charley's, and it is unknown whether the settlement agreement preserves those claims. Furthermore, Charley's seeks to prove that the codefendants are joint tortfeasors. Necessarily, the jury will be required to apportion liabilities among the parties, which cannot be done if UPS is dismissed from the suit. Accordingly, UPS must remain a party to the case.

---

[14] 637 A.2d 6 (Del. 1994) (holding that a joint tortfeasor status must be resolved by the trier of fact).
[15] *Id.* at 7.
[16] *Id.*
[17] 2016 WL 2727136, at *1 (Del. Super.).
[18] *Id.*
[19] *See Mullins*, 637 A.2d at 9.

5

THEREFORE, Defendant Universal Protection Service LLC's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.